| | | |
|---|---|---|
| In re: | ) | Case No. 05-18477 |
| | ) | |
| ROBERT F. CAMPBELL, | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| MARVIN A. SICHERMAN, | ) | Adversary Proceeding No. 05-1500 |
| Plaintiff, | ) | |
| | ) | Judge Arthur I. Harris |
| v. | ) | |
| | ) | |
| DENISE CAMPBELL, | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

Before the Court are cross motions for summary judgment. The
plaintiff-trustee asks the Court to avoid debtor's alleged fraudulent transfer of his
interest in real property and to sell the real property, including the interest of the
cotenant. Defendant argues that the debtor had no interest in the real property, and
that even if debtor did transfer some property interest, debtor received reasonably
equivalent value in exchange. For the reasons stated below, the trustee's motion
for summary judgment is granted in part and denied in part, and the defendant's
motion for summary judgment is denied. The Court finds that the debtor did
transfer an interest in the real property, but whether the debtor received
"reasonably equivalent value in exchange" cannot be determined at summary
judgment.

## JURISDICTION

Proceedings to avoid a fraudulent conveyance and to sell property are core under 28 U.S.C. § 157(b)(2)(H) and (N). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are undisputed. Robert and Denise Campbell married in 1979 and bought the property located at 6520 Tampico Court, Fayetteville, North Carolina ("the property") in 1984. The property was titled to "Robert F. Campbell and wife, Denise M. Campbell." The Campbells made a $17,000 downpayment on the property using money from a trust with Denise Campbell as the beneficiary. In 1989 the parties separated, and in 1992 they obtained a divorce. On or about February 20, 2005, debtor executed a deed transferring his interest in the property to Denise Campbell. On June 13, 2005, Robert Campbell filed a Chapter 7 petition. The debtor's statement of financial affairs lists the transfer of the property to Denise Campbell and indicates that a value of $40,000 was transferred. The property is also listed in Schedule A; it is listed as jointly owned with a value of $80,000 and a secured claim of $3,651.

2

On September 21, 2005, the trustee filed an adversary complaint against Denise Campbell to set aside the transfer of the property and to sell the property, including Denise Campbell's interest, pursuant to subsection 363(h). Among other claims, the complaint alleges both actual fraud – transfer with "actual intent to hinder, delay, or defraud" creditors – and constructive fraud – insolvent and "received less than a reasonably equivalent value in exchange" for the transfer. Defendant filed an Answer denying that the transfer was made with intent to hinder, delay, or defraud creditors or that the debtor received less than a reasonably equivalent value in return. Defendant did admit to the four elements found in subsection 363(h).

On April 18, 2006, the trustee filed a motion for summary judgment, arguing that the transfer was a constructive fraud pursuant to subsection 548(a)(1)(B). Attached to the motion are plaintiff's request for admissions directed towards defendant and debtor and responses from both. The request for admissions to debtor were part of adversary proceeding #05-1534 and specifically requested that debtor "admit for the purposes of this action only." Docket #9, Exhibit C; *see also* Fed. R. Civ. P. 36(b) (any admission made under this rule "is for the purpose of the pending action only"). The request for admissions to defendant ask her to admit that she "gave no contemporaneous consideration to the

3

Debtor, Robert F. Campbell, for the transfer of the Debtor's interest in the Real

Property to the Defendant, Denise Campbell." Docket #9, Exhibit B. Defendant

responded, "Admit that Denise Campbell gave Robert F. Campbell no

consideration for conveyance of bare legal title to the real estate at issue in money

but state that certain obligations were forgiven." Docket #9, Exhibit E.

Defendant filed an opposition brief and cross motion for summary

judgment. The defendant argues that summary judgment is appropriate because

debtor had no equitable interest in the property due to defendant's payment of the

mortgage, real estate taxes, and other expenses on the property for more than

fifteen years. Defendant also argued that constructive fraud was inapplicable

because debtor received consideration for the transfer. Defendant's attached

affidavit stated that she paid both the monthly mortgage of $285 and the annual

real estate taxes of $600 since September 1989 and that she also made significant

improvements to the property including "a new roof, new heating and cooling

system, paint and carpet, at an approximate cost of $11,000.00." Docket #13,

Exhibit 2. Defendant's affidavit also states that she "agreed to waive and release

her pending support claims against Debtor Robert F. Campbell in exchange for the

conveyance of Robert F. Campbell's interest, which she believes to be bare legal

title, . . . in the approximate amount of $8,000.00." *Id.* The trustee filed his

4

response outlining North Carolina law regarding tenancy by the entireties, the impact of divorce on that estate, defendant's right to contribution, and the alleged inequality of whatever consideration debtor received in the transfer. The Court is now ready to rule.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c), as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997); *see, e.g., Anderson v. Liberty*

5

*Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *Tennessee Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

"The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other." *Taft Broadcasting Co. v. United States,* 929 F.2d 240, 248 (6th Cir. 1991). "Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id.; accord In re AutoStyle Plastics, Inc.*, 269 F.3d 726, 735 (6th Cir. 2001) (citing several cases reaching same conclusion).

DISCUSSION

This case was filed prior to the 2005 bankruptcy amendments. The version of section 548 applicable to this case provides, in pertinent part:

> (a)(1) The trustee may avoid any transfer of an interest of the debtor in property . . . that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily–
> . . . .

6

(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation . . . .

Section 548's constructive fraud provision contains four elements:

(1) that the debtor had an interest in property; (2) that a transfer of that interest occurred within one year of the filing of the bankruptcy petition; (3) that the debtor was insolvent at the time of the transfer or became insolvent as a result thereof; and (4) that the debtor received "less than a reasonably equivalent value in exchange for such transfer."

*BFP v. Resolution Trust Corp.*, 511 U.S. 531, 535, 114 S.Ct. 1757, 1760 (1994)

(establishing reasonably equivalent value test for property sold at foreclosure sale).

There are two elements of section 548 at issue before this Court: (1) whether the

debtor transferred "an interest of the debtor in property" and (2) whether the

debtor received "less than a reasonably equivalent value in exchange for such

transfer."

### *Debtor Transferred His Undivided One-half Interest in the Property*

The initial question is whether debtor had any interest in the 6520 Tampico

Court property that he deeded to defendant. Defendant argues that debtor merely

had joint legal title but that she had all of the equitable interest in the property.

Subsection 541(a)(1) provides that the "property of the estate" includes "all

legal or equitable interests of the debtor in property as of the commencement of

7

the case." Subsection 541(d) further clarifies:

> Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

State law, in this case North Carolina law, determines whether debtor has an interest in property. *See Barnhill v. Johnson,* 503 U.S. 393, 398, 112 S.Ct. 1386 (1992) (noting that under bankruptcy code " 'property' and 'interests in property' are creatures of state law") (citing *McKenzie v. Irving Trust Co.,* 323 U.S. 365, 370, 65 S.Ct. 405 (1945), and *Butner v. United States,* 440 U.S. 48, 54, 99 S.Ct. 914 (1979)); *In re Cannon*, 277 F.3d 838, 849 (6th Cir. 2002) (involving section 548 allegation of fraudulent transfer and applying Tennessee law to find no interest of the debtor in trust fund property).

Debtor and defendant married in 1979 and bought the property in 1984. The property was titled to "Robert F. Campbell and wife, Denise M. Campbell." The parties do not dispute that this conveyance "vests title in them as tenants by the entirety," pursuant to North Carolina law. *See* N.C.G.S.A. § 39-13.6. The Campbells made a $17,000 downpayment on the property, and those funds came from a trust that was defendant's separate property. Under North Carolina law, separate property contributed by one spouse to entireties property is presumed to

8

be a gift by that spouse, and that presumption can only be overcome by "clear, cogent, and convincing evidence." *McLean v. McLean*, 374 S.E.2d 376, 381-82 (N.C. 1988); *see also Warren v. Warren*, 623 S.E.2d 800, 803 (2006) ("[D]onor's testimony alone that he lacked the requisite intent is insufficient to rebut the marital gift presumption."); *Walter v. Walter*, 561 S.E.2d 571, 575 (N.C. App. 2002); *Lawrence v. Lawrence*, 394 S.E.2d 267 (N.C. App. 1990). Defendant has provided no evidence to support a finding that she did not intend a gift to the marital estate but instead intended to preserve the separate identity of the property. "Unless that presumption is rebutted by clear, cogent and convincing evidence, the statute dictates that the gift 'shall be considered separate property only if such an intention is stated in the conveyance.' " *McLean v. McLean*, 374 S.E.2d at 382 (citing N.C.G.S.A. § 50-20(b)(2)). The Court has no evidence that an intention to keep the $17,000 separate was "stated in the conveyance." The Court finds that defendant gifted the $17,000 to the marital estate.

Pursuant to North Carolina law, neither spouse holds an individual or separate interest in property held as tenants by the entirety, rather, "each is deemed to be seized of the whole, and not of a moiety or any undivided portion thereof." *Carter v. Continental Insurance Co.*, 89 S.E.2d 122, 123 (N.C. 1955) (quoting *Davis v. Bass*, 124 S.E. 566, 568 (N.C. 1924)). "This tenancy by the entirety takes

9

its origin from the common law when husband and wife were regarded as one person, and a conveyance to them by name was a conveyance in law to but one person." *Combs v. Combs*, 160 S.E.2d 308, 311 (N.C. 1968). "An absolute divorce destroys the unity of person and thereby converts an estate by the entirety into a tenancy in common, wherein the parties hold undivided one-half interests." *Sawyer v. Sawyer*, 282 S.E.2d 527, 528 (N.C. App. 1981) (citing *Davis v. Bass*). After their divorce in 1992, defendant and debtor owned the property as tenants in common and each held an undivided one-half interest. The debtor's divorce proceedings, apparently, did not address the 6520 Tampico Court property, and the Court has no evidence of any other transfers of debtor's undivided one-half interest prior to the conveyance to defendant in February 2005.

Defendant argues that she now has equitable title to the property because her improvements to the property and her payments on the note and mortgage and the real estate taxes total more than the property's value. Defendant, however, does not cite any statutes or case law to support her claim to equitable title. Instead, it appears that, rather than equitable title, defendant's payments through the years on the note and mortgage, taxes, and improvements have provided her with other statutory, legal, and equitable rights. First, North Carolina statutes provide defendant with a right to contribution for the amount she paid towards the

10

note and mortgage: "[A] party having joint and several liability who pays the instrument is entitled to receive from any party having the same joint and several liability contribution in accordance with applicable law." N.C.G.S.A. § 25-3-116; *see Grimes v. Grimes*, 267 S.E.2d 372, 374 (N.C. App. 1980) ("We are of the opinion that a co-maker's right to contribution is unaffected by the marital relationship of the parties to a note. . . . At any rate, [husband] and [wife] were divorced at the time [husband] paid the balance due under the note. No presumption of gift arises, therefore, from [husband]'s retiring the debt.").

Second, the defendant appears to have a statutory lien on the property for the annual real estate taxes paid.

> Any one of several tenants in common . . . of real property may pay the entire amount of the taxes, interest, and costs constituting a lien on the property, and any amount so paid that is in excess of his share of the taxes, interest, and costs and that was not paid through agreement with or on behalf of the other joint owners shall constitute a lien in his favor upon the shares of the other joint owners. Such a lien may be enforced in a proceeding for actual partition, a proceeding for partition and sale, or by any other appropriate judicial proceeding.

N.C.G.S.A. § 105-363; *see Knotts v. Hall*, 355 S.E.2d 237, 239-40 (N.C. App. 1987) (discussing general statutory rule that disproportionate amount of real estate taxes paid by cotenant can be recovered but recognizing possible prior case law exception that cotenant in "exclusive possession," which is not equivalent to sole

11

possession, would not have right to recover real estate taxes).

Finally, it is not entirely clear whether defendant has a right to contribution from the debtor for the alleged improvements to the property – fixing the roof, installing a new heating and cooling system, painting, and carpeting. Some North Carolina case law suggests that a cotenant in sole possession would not have a right to contribution for improvements because he or she already receives value from possession, while other case law indicates that improvements can be reimbursed during an equitable partition. *Compare Knotts v. Hall*, 355 S.E.2d at 240, *and Craver v. Craver*, 255 S.E.2d 253 (N.C. App. 1979), *with Batts v. Gaylord*, 116 S.E.2d 424, 427 (N.C. 1960), *and Layton v. Byrd*, 152 S.E. 161 (N.C. 1930).

Prior to the alleged fraudulent transfer, defendant could have petitioned for partition of the property in order to recover on her potential statutory lien and/or right to contribution. Partitions are equitable in nature such that a Court could have adjusted the equities between the parties with respect to the property to be partitioned. *See Henson v. Henson*, 72 S.E.2d 873, 873-74 (N.C. 1952) (" 'A tenant in common who has paid or assumed liens or encumbrances on the property ordinarily is entitled on partition to a proportionate reimbursement therefor from the other tenants.' In such case the sale may be ordered and the rights of the

12

parties adjusted from the proceeds of sale." (quoting Corpus Juris Secundum));
*Roberts v. Barlowe*, 132 S.E.2d 483 (N.C. 1963) (same). Defendant, however, never instituted a partition action, nor did she bring suit to recover monetary damage or to request an equitable lien on the property. The property remained a tenancy in common. Thus, the Court finds that debtor had an undivided one-half interest in the property that he transferred to defendant within one year of his bankruptcy filing.

*Reasonably Equivalent Value Is a Material Issue of Disputed Fact*

The parties do not dispute that debtor was insolvent at the time he made the transfer, so the sole remaining issue is whether the debtor received reasonably equivalent value for the transfer of his interest in the property. "Of the three critical terms 'reasonably equivalent value,' only the last is defined: 'value' means, for purposes of § 548, 'property, or satisfaction or securing of a . . . debt of the debtor,' 11 U.S.C. § 548(d)(2)(A)." *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 535-36, 540 n.4, 114 S.Ct. 1757, 1760, 1762 n.4 ("Our discussion assumes that the phrase 'reasonably equivalent' means 'approximately equivalent,' or 'roughly equivalent.' "); *see In re Monus*, 1995 WL 469694, at *12 (Bankr. N.D. Ohio, May 18, 1995) (unpublished opinion) (" '[V]aluing consideration received is inherently fact-laden, turning, as it often does, on the case-specific circumstances

13

surrounding the debtor's decision to enter the particular transaction.' " (quoting

*Matter of Fairchild Aircraft Corp.*, 6 F.3d 1119, 1125 n.5 (5th Cir. 1993))); *see*

*also In re Congrove*, 2005 WL 2089856, at *4 (B.A.P. 6th Cir., Aug. 31, 2005)

(unpublished opinion) (noting that trustee-plaintiff has burden to show fraudulent

transfer, including element of "reasonably equivalent value").

In defendant's admissions, she states that she gave "no consideration for

conveyance of bare legal title to the real estate at issue in money but state that

certain obligations were forgiven." In her affidavit, defendant further explains

that she "agreed to waive and release her pending support claims against Debtor

Robert F. Campbell in exchange for the conveyance of Robert F. Campbell's

interest, which she believes to be bare legal title, . . . in the approximate amount of

$8,000.00." As explained above, in addition to the alleged $8,000 in support

claims specifically mentioned in her affidavit, defendant had several other

potential claims against the debtor – claims for contribution regarding mortgage

and real estate tax payments and for improvements to the property. The Court is

unsure whether these claims were part of the "certain obligations [that] were

forgiven" when the property was transferred. Defendant's affidavit states that she

felt she had full equitable title due to her mortgage and tax payments and she was

receiving full title to the property from debtor in exchange for all those payments.

14

Defendant's contribution claims could be for significant amounts of money. The defendant's affidavit indicates that she has paid approximately $40,000 in mortgage payments, $9,000 in real estate taxes, and $11,000 in improvements to the property since her separation from debtor in 1989. Debtor's equal portion of those amounts would be approximately $30,000. These facts, when viewed in the light most favorable to the defendant, are sufficient to preclude summary judgment for the trustee on the issue of whether debtor received reasonably equivalent value. On the other hand, when viewed in a light most favorable to the trustee, the Court is not sure that defendant waived her potential contribution claims, nor is the Court sure that waiver of those claims is reasonably equivalent value to an undivided one-half interest in the property. Thus, at trial on June 27, 2006, the issues left for decision are whether defendant waived her contribution claims, what value those claims had, and whether that value is "reasonably equivalent" to the debtor's undivided one-half interest in the 6520 Tampico Court property.

## CONCLUSION

For the reasons stated above, the plaintiff-trustee's motion for summary judgment is granted in part and denied in part, and the defendant's motion for summary judgment is denied. The Court finds that the debtor did transfer an interest in the real property, but whether the debtor received "reasonably

15

equivalent value in exchange" cannot be determined by summary judgment.

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge